IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHL VARIABLE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff/Counterclaim Defendant, | ) ) ) ) | |
| v. | ) ) | Civ. No. 12-317-LPS |
| ESF QIF TRUST, by and through its trustee, DEUTSCHE BANK TRUST COMPANY, | ) ) ) ) ) | |
| Defendant/Counterclaim Plaintiff. | ) ) ) | |

Keith A Walter, Jr., Esquire, NOVAK DRUCE CONNOLLY BOVE + QUIGG LLP, Wilmington, DE.

Thomas F.A. Hetherington, Esquire and Jarret E. Ganer, Esquire, EDISON, MCDOWELL & HETHERINGTON LLP, Houston, TX.

 Attorneys for Plaintiff/Counterclaim Defendant.

Joseph J. Farnan, Jr., Esquire and Brian E. Farnan Esquire, FARNAN LLP, Wilmington, DE.

Steven G. Sklaver, Esquire, Matthew R. Berry, Esquire, and Brian M. Gillett, Esquire, SUSMAN GODFREY L.L.P., Los Angeles, CA, Seattle, WA, and Houston, TX.

 Attorneys for Defendant/Counterclaim Plaintiff.

## MEMORANDUM OPINION

December 30, 2013
Wilmington, Delaware

**STARK, U.S. District Judge:**

Before the Court is a motion by Plaintiff/Counterclaim Defendant PHL Variable Insurance Company ("Phoenix") to dismiss the counterclaims of Defendant/Counterclaim Plaintiff ESF QIF Trust ("ESF Trust" or "the Trust"). (D.I. 12) The Court heard oral argument on November 8, 2012. (*See* Motion Hr'g Tr., November 8, 2012 (D.I. 24) (hereinafter "Tr.")) The Court will grant in part and deny in part Phoenix's motion to dismiss the counterclaims.

## I. BACKGROUND[1]

Phoenix is a Connecticut insurance company with a principal place of business in Hartford Connecticut. (D.I. 1 at 2) ESF Trust is a Delaware statutory trust formed pursuant to the Delaware Statutory Trust Act, 12 Del. C. §§ 3801, *et seq.* (*Id.*)

On March 15, 2012, Phoenix filed a declaratory judgment action against ESF Trust pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57. (*Id.*) In its complaint, Phoenix asks the Court to declare as void *ab initio* a $10 million life insurance policy – number 97519439 ("the Szalay Policy") – insuring the life of John Szalay ("Mr. Szalay").

Phoenix's complaint alleges that ESF Trust acquired the Szalay Policy as part of a stranger originated life insurance ("STOLI") arrangement. (*Id.* at 1-2) In a "STOLI" arrangement, speculators collaborate with an individual or individuals to purchase expensive life insurance polices and then sell some or all of the death benefit to investors on a secondary market. (*Id.* at 2-5) In order to "maximize rates of return on investments," STOLI speculators engage financially qualified, elderly individuals – with limited expected life spans – to obtain

---

[1]For purposes of the pending motion, the facts as alleged in the Trust's counterclaims are taken as true. Other background facts not presently in dispute are derived from Phoenix's complaint (D.I. 1; *see also* D.I. 8 at 1-2).

multi-million dollar life insurance policies in the individual's name. (*Id.* at 5) The insured may then designate as the beneficiary of the policy some type of third-party entity, which may then transfer the policy to speculators. (*Id.*)

In addition to filing an Answer to Phoenix's complaint, the Trust filed six counterclaims. (D.I. 8) Specifically, the Trust sets forth the following counterclaims:

(1) a declaratory judgment claim that the Szalay Policy is valid, seeking in particular "a judicial declaration that (a) Phoenix is liable to pay a claim thereunder on the Szalay Policy upon the occurrence of the Szalay Policy's maturity event, and that (b) Phoenix is estopped from challenging the Szalay Policy as void *ab initio* and/or that Phoenix has waived its right to challenge the Szalay Policy as void *ab initio*" (D.I. 8 ¶ 44);

(2) violation of the Delaware Consumer Fraud Act, 6 Del. C. § 2513 et seq. ("DCFA");

(3) common law fraud;

(4) common law negligent misrepresentation;

(5) breach of the duty of good faith and fair dealing; and

(6) promissory estoppel.

## II. DISCUSSION

The Court has today issued a Memorandum Opinion and Order in a related action, *PHL Variable Insurance Co. v. ESF QIF Trust*, C.A. No. 12-319-LPS D.I. 48, 49. All of the issues raised by the pending motion in the instant action are addressed in the Opinion filed in the related action. The parties argued the motions in both cases during the same hearing in November 2012.

Neither the law, the analysis, nor the conclusions are any different with respect to the motion pending here than they are in connection with the motion filed in the related action.[2]

Accordingly, the Court will not repeat what it said in the Opinion filed in C.A. No. 12-319 but, instead, incorporates that Opinion by reference. Phoenix's motion will be granted in part and denied in part, consistent with the decision in the related action.

### III. CONCLUSION

An appropriate Order will be issued.

---

[2] The principal factual difference between the cases is that whereas the insured involved in C.A. No. 12-319, Mrs. Griggs, is deceased, here the insured, Mr. Szalay, is alive. The Court's analysis in the Opinion filed in the related action does not turn on whether the insured is alive. Just as the Court found a ripe dispute with respect to the fourteen "Additional Policies" in the related action, so, too, there is a ripe dispute here, even though the "maturity event" on the Szalay Policy has not occurred. Another difference between the two cases is that here the Trust has filed fewer counterclaims – however, each counterclaims filed here was also filed in the related action.

3